IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YELENA Y. FISH | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
| Defendant. | ) |

COMPLAINT
EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Yelena Fish, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Unum Life Insurance Company of America (hereinafter "Unum"), respectfully states the following:

1. Plaintiff, Yelena Fish (hereinafter "Ms. Fish") brings this action against Defendant Unum for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this

District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

## Parties

4. Ms. Fish is an individual residing in the Eastern District of Missouri. Ms. Fish was an employee of Washington University in St. Louis (hereinafter "Wash U.") and is a vested participant in a Group Insurance Policy for certain employees of Wash U., which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5. Wash U. provides coverage for its employees under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Wash U. provides both short-term and long-term disability benefits (hereinafter "STD" and "LTD" respectively) through insurance coverage.

6. Unum is an insurance company incorporated in Delaware and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Unum administers and pays benefits under the terms of both the STD and LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7. Wash U. serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

## FACTS

8. Ms. Fish became disabled and unable to work in November of 2021 due to severe and worsening depression and anxiety.

9. At all relevant times, Ms. Fish has been under the care of licensed medical doctors and has experienced several periods of hospitalization for her mental health issues.

10. Ms. Fish's physician's and treating medical professionals have consistently opined that the stress and day-to-day expectations have a deleterious affect on Ms. Fish's mental condition.

11. Following a hospitalization at the end of November 2021 Ms. Fish applied for short-term disability benefits.

12. Unum denied Ms. Fish's application of benefits on February 15, 2022.

13. That denial was appealed in July of 2022.

14. As part of her appeal of the denial of her STD benefits Ms. Fish submitted objective medical evidence indicating that her mental condition was unstable and that she was unable to perform the material duties of her employment.

15. Unum Denied the appeal.

16. In July of 2022 Ms. Fish applied for LTD benefits. That application was also denied.

17. In February of 2023, Ms. Fish appealed the denial of her LTD benefits.

18. During the review of Ms. Fish's appeal of the LTD denial, Unum obtained a medical opinion that stated that Ms. Fish's mental condition had improved and was stable and that she could return to work.

19. In direct contradiction of the medical opinion generated by Unum, Ms. Fish's treating physicians submitted evidence that while Ms. Fish was improved there was a serious risk of relapse if Ms. Fish did not strictly regulate her day-to-day activities and avoided any identified stressors/triggers, with work being the primary example.

20. Unum ignored the medical evidence of Ms. Fish's medical care providers regarding the serious risk of relapse and denied her appeal.

## COUNT I
## Wrongful Denial of Short-Term Disability Benefits
## Pursuant to 29 U.S.C. § 1132(a)(1)(b)

21. Ms. Fish is entitled to STD benefits under the terms of the Plan.

22. Unum has denied, and continues to deny, Ms. Fish STD benefits.

23. Unum's denial of STD benefits is wrong and unreasonable when considering the objective medical evidence submitted in support of Ms. Fish's claim for benefits and the appeal of Unum's' unreasonable denial of those benefits.

24. As a result of Unum's wrongful and unreasonable denial of benefits Ms. Fish has been damaged in the amount of unpaid benefits.

25. Ms. Fish has appealed the adverse benefit determination and exhausted all available administrative remedies.

26. Unum's denial of Ms. Fish's STD benefits was arbitrary and capricious and not based on substantial evidence

27. Unum is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Yelena Fish respectfully prays for judgment against Defendant Unum Life Insurance Company of America in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
## Wrongful Denial of Long-Term Disability Benefits
## Pursuant to 29 U.S.C. § 1132(a)(1)(b)

28. Ms. Fish is entitled to LTD benefits under the terms of the Plan.

29. Unum has denied, and continues to deny, Ms. Fish LTD benefits.

30. Unum's denial of LTD benefits is wrong and unreasonable when considering the objective medical evidence submitted in support of Ms. Fish's claim for benefits and the appeal of Unum's' unreasonable denial of those benefits.

31. As a result of Unum's wrongful and unreasonable denial of benefits Ms. Fish has been damaged in the amount of unpaid benefits.

32. Ms. Fish has appealed the adverse benefit determination and exhausted all available administrative remedies.

33. Unum's denial of Ms. Fish's LTD benefits was arbitrary and capricious and not based on substantial evidence

34. Unum is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Yelena Fish respectfully prays for judgment against Defendant Unum Life Insurance Company of America in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

35. Ms. Fish brings this claim against Unum under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

36. Unum is a Plan Administrator under the plan.

37. As a Plan Administrator, Unum both decides a beneficiary's right to benefits and pays those benefits, thereby Unum bears an inherent conflict of interest.

38. Section 29 U.S.C. § 1104 codifies the fiduciary duties that Unum as Plan administrator owes to beneficiaries like Ms. Fish, which are the Duty of Loyalty and the Duty of Prudence.

39. The duty of loyalty requires the plan administrator to convey complete and accurate information material to the beneficiaries right to benefits under the plan

40. The duty of prudence requires the plan administrator to act as a reasonably prudent claims adjuster would in the circumstances.

41. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

   a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

   b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

42. 29 C.F.R. § 2560.503-1 codifies the plan procedures that are required to be implemented in every ERISA governed plan in order to guarantee that Plan administrators fulfill their fiduciary duties and provide a full and fair review of all claims made under an ERISA governed plan.

43. Unum failed to adequately implement claims procedures that complied with 29 C.F.R. § 2560.503-1 and as a result, breached the dual fiduciary duties it owed Ms. Fish.

44. Defendant Unum breached the duty of loyalty by:

    a. Failing to adequately provide Ms. Fish with a reasonably clear explanation of what standards and guidelines it was utilizing to determine that Ms. Fish's records did not support the disabling physical impairments she continues to suffer.

45. Defendant Unum breached the duty of Prudence by:

    a. Failing to thoroughly and properly consider the medical records Ms. Fish provided demonstrating her severe risk of relapse.

    b. Failing to consider Ms. Fish's improved mental condition was a direct result of her not being in the work environment that exacerbated her long-term and ongoing mental health issues.

    c. Improperly weighting the opinions of medical professionals that Unum retained and who generated opinions that directly contradicted Ms. Fish's treating medical professionals.

46. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of Unum being both the decider and payer of benefits and permits Unum to routinely breach the fiduciary duties it owes to beneficiaries such as Ms. Fish.

47. The breaches were also the byproduct of Unum's arbitrary and inconsistent interpretation of plan provisions that were made to the detriment of Ms. Fish and in favor of Unum and Unum's financial interest in denying Ms. Fish's claims.

48. As a result of Unum's breaches of the dual fiduciary duties of loyalty and prudence owed to Ms. Fish under ERISA, Ms. Fish suffered actual harm, as she was denied benefits to which she was entitled under the Plan, she incurred attorneys' fees and costs, and she suffered other financial losses.

49.     Unum breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Ms. Fish's benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Tonya Fish respectfully prays that this Court:

1) Grant judgment in her favor and against Defendant on all claims;

2) Order that Defendant pay restitution for all benefits that Ms. Fish is entitled to but for Unum's breaches of fiduciary duties;

3) Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to future benefits under the terms of the Plan;

4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of her attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**Davis Olszeski, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis  #MO58205
Adam J. Olszeski   #MO66126
Davis Olszeski, LLP
2704 Locust St., Ste 202
St. Louis, MO 63103
(314) 876-7760
(314) 876-7877 Fax
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com